IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| URVE MAGGITTI,<br><br>            Plaintiff,<br><br>   v.<br><br>HON. BRET M. BINDER, in his official capacity, et al.,<br><br><br>            Defendants. | CIVIL ACTION<br>NO. 23-1184 |
| URVE MAGGITTI,<br><br>            Plaintiff,<br><br>   v.<br><br>HON. BRET M. BINDER, et al.,<br><br><br>            Defendants. | CIVIL ACTION<br>NO. 23-2273 |
| URVE MAGGITTI,<br><br>            Plaintiff,<br><br>   v.<br><br>HON. JOHN P. CAPUZZI, sr., in his official capacity, et al.,<br><br><br>            Defendants. | CIVIL ACTION<br>NO. 23-3185 |
| URVE MAGGITTI,<br><br>            Plaintiff,<br><br>   v.<br><br>MAHON, et al.,<br><br><br>            Defendants. | CIVIL ACTION<br>NO. 23-4359 |

1

## ORDER

**AND NOW**, this 1st day of December 2023, upon consideration of the filings by the parties in the four actions (Civ. No. 23-1184, Civ. No. 23-2273, Civ. No. 23-3185, Civ. No. 23-4359) pending before this Court, it is **ORDERED** that the above-captioned Civil Actions No. 23-1184, No. 23-3185, and No. 23-4359 are **CONSOLIDATED** with Civil Action No. 23-2273.[1]

BY THE COURT:

/s/ Joel H. Slomsky
_____
JOEL H. SLOMSKY, J.

---

[1] To facilitate the administration of justice, district courts are afforded broad power to consolidate actions, whether on motion of a party or sua sponte. Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir.1964). In considering consolidation, "the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC, No. 13-2289, 2014 WL 4955259, at *10 (M.D. Pa. Sept. 30, 2014).

"[A] threshold requirement for consolidation is whether there exists a common question of law or fact." Russell v. United States, No. 1:12-CV-0407, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) (citing In re Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J. 1998)). The decision to consolidate cases with common issues of fact or law is still within the discretion of the court so long as "consolidation would facilitate the administration of justice." See Russell, 2012 WL 2792239, at *2 (quoting Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 761 (D. Del. 1991)).

These four actions, Civil Nos. 23-1184, 22-2273, 23-3185 and 23-4359, involve questions of law and fact which are common to each case. All four actions stem from Plaintiff's divorce proceeding in the Court of Common Pleas of Chester County, Pennsylvania, and relate to civil and criminal actions that arose from Plaintiff allegedly surreptitiously recording the divorce proceeding occurring in court. There is no prejudice in consolidating the cases as all four cases are in their early pleading stages. Thus, consolidation of these actions would conserve the resources of the parties and the resources of the Court, and will not prejudice any party.